**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| BRENDA KAY JONES | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.:  1:16-cv-01576-RDB |
| | : | |
| SELENE FINANCE LP | : | |
| | : | |
| Defendant. | : | |

**SELENE FINANCE LP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Selene Finance LP ("Selene"), by and through counsel, submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint filed by Brenda Kay Jones ("Plaintiff" or "Borrower").

**PRELIMINARY STATEMENT**

Borrower's Complaint attempts to assert claims against Selene for purported violations of the Discharge Injunction of the United States Bankruptcy Code, the Fair Credit Reporting Act, the Maryland Consumer Debt Collection Act, and the Maryland Consumer Protection Act.

The primary basis for Borrower's Complaint is her allegation that Selene's furnishing of credit information related to her mortgage—and apparently not the fact that she filed for bankruptcy—is the "sole reason" that she was unable to obtain another loan.  She also claims Selene sent her six communications that violated her bankruptcy discharge injunction.

The Borrower's claims fail for several reasons.  First, all of Borrower's claims related to credit reporting improperly attempt to create a private right of action where none exists.  Second, the Borrower's claim for a violation of the discharge injunction must be asserted—if at all—as a motion for contempt in Bankruptcy Court and this court lacks jurisdiction to hear such claims.

Third, to the extent that the Borrower's state law claims are predicated on alleged credit reporting issues, they are pre-empted by FCRA and therefore fail as a matter of law. Fourth, all of the alleged communications at issue were required by federal law, complied with federal law, and were not sent for purposes of collecting a discharged debt. Rather they were only sent in connection with Selene's attempts to enforce its lien on the subject property and therefore could not have violated the discharge injunction.

Accordingly, the Borrower's Complaint must be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## FACTUAL BACKGROUND

On June 26, 2007, the Borrower executed a Note (the "Note") and Deed of Trust ("Deed of Trust") collectively the "Subject Loan" in the amount of $129,412.00 to refinance an existing loan on real property located at 2124 Suitland Terrace, S.E., Unit 201, Washington, D.C. 20020 ("Subject Property"). *See Compl*, ¶¶ 4, 9.

The Borrower filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on July 1, 2010. *See Compl*, ¶ 12. The petition was filed in the United States Bankruptcy Court for the District of Maryland, Case No. 10-24966 (the "Bankruptcy Case"). *See* Bankruptcy Case filings, attached for reference as **Exhibit 1**.[1] The Borrower listed the Subject Property in her Real Property Schedule in the Bankruptcy Case. *Id.* However, the Subject Property is not listed as her "Primary Residence" on any bankruptcy filings. *See generally id.*

In addition, Borrower claimed an exemption in the Subject Property in her petition as well as an intention to retain and reaffirm the debt in her statement of intentions. *See id.*

---

[1] In evaluating a motion to dismiss, the court may consider "official public records, documents central to the plaintiff's claim[s], and documents sufficiently referred to in the complaint so long as the authenticity of those documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 396-97 (4th Cir. 2006), citing *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Such documents are essentially considered to be incorporated into the Complaint. *See id.* at 396-97.

2

Nevertheless, no reaffirmation agreement was ever filed and Chase Home Finance, LLC filed a motion for relief from the automatic stay so that it could foreclose on the Subject Property. *Id.*

The bankruptcy court entered a discharge order on October 15, 2010. *See Compl.* at ¶ 40. The Bankruptcy Case was closed on June 30, 2011. *See id.* at ¶ 42.

The Borrower alleges that Selene sent the following documents to her beginning in April 2014:

1. FDCPA debt validation notice dated April 3, 2014. Compl., ¶ 20 and Ex. A.
2. Notice of Servicing Transfer dated April 3, 2014. *Id.*, ¶ 21 and Ex. B.
3. Offer of loss mitigation options dated April 8, 2014. *Id.*, ¶ 22 and Ex. C.
4. Letter from foreclosure counsel dated May 30, 2014. *Id.*, ¶ 23 and Ex. D.
5. Mortgage Account Statement dated September 16, 2014. *Id.*, ¶ 28 and Ex. F.
6. Notice of interest rate change dated September 17, 2014. *Id.*, ¶ 30 and Ex. G.

The Borrower further alleges that Selene was negatively reporting the status of the Subject Loan to the credit reporting agencies ("CRAs") and that she was denied the opportunity to refinance her home. *See id.* at ¶¶ 36-37.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must state a 'plausible claim for relief.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* , 556 U.S. at 678 citing *Twombly,* 550 U.S. at 556. A pleading that offers only labels, conclusions, or formulaic recitations of the elements of a cause of action does not state a plausible cause of action. *Iqbal*, 556 U.S. at 678.

Moreover, the "determination whether a complaint adequately states a plausible claim is a 'context-specific task,' in which the factual allegations of the complaint must be examined to

assess whether they are sufficient 'to raise a right to relief above the speculative level.'" *Walters*, 684 F.3d at 439, citing *Twombly*, 550 U.S. at 555. Although "a plaintiff need not forecast evidence sufficient to prove the elements of the claim," the plaintiff still "must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (internal quotations omitted). And, as *Twombly* suggests, "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people' . . . So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 557-58.

Applying these standards here, and for the reasons discussed in more detail below, Borrower's claims should be dismissed in their entirety, with prejudice, for failure to state a claim upon which relief could be granted.

**ARGUMENT**

In her Complaint, the Borrower attempts to assert claims against Selene for violations of: the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") (Count 2); the Maryland Consumer Debt Collection Act, MD. CODE COM. LAW. § 14-201 *et. seq.* ("MCDCA") (Count 3); the Maryland Consumer Protection Act, MD. CODE COM. LAW § 13-101 *et seq.* ("MCPA"); and the Bankruptcy Discharge Injunction (Count 1).

None of these counts contain a viable claim for relief.

**I.    The Borrower's FCRA Claim Fails Because She Attempts to Assert a Private Right of Action Where None Exists.**

The Borrower fails to state cognizable claims against Selene under FCRA. In her Complaint she claims that Selene, as a "furnisher" of credit information (as defined under FCRA), is liable under 15 U.S.C. § 1681o for "negligently failing to report that the [Subject

4

Loan] debt had been discharged in a Chapter 7 bankruptcy." *Compl.* at ¶ 56.  However, § 1681o does not include any private right of action for a consumer—rather, it merely outlines the *damages available* to a consumer should she actually plead and prove a valid FCRA claim.  Indeed, here, even if her allegations were true—which Selene does not concede that they are—the Borrower has not stated a viable claim for relief under FCRA.

The duties of a data furnisher are set forth in 15 U.S.C. § 1681s-2, and include a duty to provide accurate information.  *See* 15 U.S.C. § 1681s-2(a).  The same statute provides that those duties are **only triggered upon a notice of dispute** from a CRA.  *See id.*  Thus, any claim by a plaintiff alleging that the information furnished was incomplete or inaccurate must be characterized as a violation of the duty to report accurate information under 15 U.S.C. § 1681s-2(a).  However, **there is no private right of action** for violations of 15 U.S.C. §1681s-2(a).  Rather, Congress limited the enforcement of those duties imposed by 15 U.S.C. §1681s-2(a) to governmental bodies only.  *See e.g., Beattie v. Nations Credit Fin. Servs. Corp.*, 69 Fed. Appx. 585, 589 (4th Cir. 2003).  It is well settled within this District and the Fourth Circuit that there is no private right of action for purported violations of 15 U.S.C. §1681s-2(a).  *See e.g. Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 149 (4th Cir. 2008) ("FCRA explicitly bars private suits for violations of §1681s-2(a)"); *Turner v. JPMorgan Chase, N.A.*, 2015 U.S. Dist. LEXIS 111252, *14 (D. Md. Aug. 21, 2015).

A private right of action is available to consumers under 15 U.S.C. §1681s-2(b). *Saunders*, 526 F.3d at 149; *Awah v. Capital One Bank, N.A.*, 2016 U.S. Dist. LEXIS 31963, *27 (D. Md. Mar. 11, 2016).  To state a claim under this section, a plaintiff must plead that (1) he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then

failed to investigate and modify the accurate information. *Awah*, 2016 U.S. Dist. LEXIS 31963, *27.

15 U.S.C. §1681s-2(b) provides that "*after* receiving notice pursuant to section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided *by a person to a consumer reporting agency*, the person shall…" take certain actions as enumerated in sub-section 2(b) itself. (Emphasis added).

Thus, FCRA imposes a duty on CRAs to give notice of a dispute to a data furnisher (such as Selene) within five (5) business days from the time the consumer notifies *the CRA* of the dispute. *See* 15 USC §1681i(a)(2). "Such notice is necessary to trigger the furnisher's duties under section 15 U.S.C. §1681s-2(b)." *Young v. Equifax Credit Information Systems*, 294 F. 3d 631, 639 (5th Cir. 2002); *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). Therefore, to establish a private right of action under 15 U.S.C. §1681s-2(b), a plaintiff must plead that the furnisher received notice of a dispute from a credit reporting agency. *See id.; see also Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851 (6th Cir. 2004).

Here, to the extent that Borrower is asserting that she has been damaged by Selene's alleged inaccurate furnishing, there is no private right of action for such a claim under 15 U.S.C. § 1681s-2(a). To the extent that Borrower is asserting that she has been damaged by Selene's failure to respond to a dispute, she has not plead that she first made a dispute to the credit reporting agency who then in turn provided a notice of dispute to Selene—nor can she. Thus, Borrower has no claims against Selene under 15 U.S.C. §1681s-2(b).

Her FCRA claim should be dismissed with prejudice and without leave to amend.

**II.    The Borrower's MCDCA and MCPA Claims Fail as a Matter of Law.**

The Borrower alleges that Selene violated the MCDCA when it "claimed, attempted or

threatened to enforce a right with knowledge that the right does not exist." *Compl.* at ¶ 60. The Borrower alleges that Selene violated the MCDCA by reporting to the CRAs that she was in active foreclosure. *See id.* at ¶ 62. The Borrower further claims that if Selene violated the MCDCA, it also "*per se*" violated the MCPA. *See id.* at ¶ 71.

All allegations of violations of the MCDCA and MCPA that are based entirely on alleged credit reporting are preempted by FCRA. Pursuant to 15 U.S.C. 1681t(b)(1)(F), "no requirement or prohibition may be imposed under the laws of any state with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies." Section 1681s-2 is the portion of FCRA that contains the obligations of furnishers (such as Selene) that furnish information to consumer reporting agencies. Specifically, 15 U.S.C. 1681s-2(a) concerns the duty of furnishers to provide accurate information and 15 U.S.C. 1681s-2(b) concerns the duties of furnishers upon notice of a dispute. "By enacting section 1681t(b)(1)(F) Congress wanted to eliminate all state causes of action relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Campbell v. Chase Manhattan Bank, USA, N.A.*, 2005 U.S. Dist. LEXIS 16402, *51 (D.N.J. 2005) (citing *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361 (E.D. Pa. 2001).

Based on the language contained in the statute and the cases interpreting that language, any attempted application of the MCDCA and MCPA to Selene's duties as a furnisher of information to the credit reporting agencies is preempted by this express provision of FCRA. *Id.*, *see also Joiner v. Revco Disc. Drug Ctrs., Inc.*, 467 F. Supp. 2d 508 (W.D.N.C. 2006).

The remaining claims under the MCDCA and MCPA are the same as those under the discharge injunction: that Selene was attempting to collect a discharged debt which is addressed in Point III

below. Nevertheless, the defense to these claims is the same. Because Selene's mortgage lien had not been extinguished by foreclosure, Selene was still required to send notices required by federal law. *See* Section III(C), *infra*, incorporated here by reference. Accordingly, for all of these reasons, the Borrower's MCDCA and MCPA claims fail as a matter of law and should be dismissed with prejudice.

### III.   The Borrower's Discharge Injunction Claim fails as a matter of law.

   *A.   The Discharge Injunction Claim Cannot be Brought in this Court.*

The Borrower claims that Selene knew of her bankruptcy discharge and violated the discharge injunction by attempting to collect a debt from her and by reporting that she owed a debt to the credit reporting agencies. However, such a claim is appropriate only before the Bankruptcy Court. *See Anderson v. Bank of Am. (In re Anderson)*, 2012 Bankr. Lexis 3172, *5-6 (Bankr. W.D. Va. Jan. 27, 2012). The only remedy for violation of the discharge injunction is for the Bankruptcy Court, not the District Court, "to hold a party in civil contempt for failing to comply with a previous order." *See id.* citing *Burd v. Walters (In re Walters)*, 868 F.2d 665 (4th Cir. 1989).

Section 157(b)(1) of the Bankruptcy Code provides that "[b]ankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b). District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." See 28 U.S.C. § 1334(b). However, under 28 U.S.C. § 157(a), district courts "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." *See* 28 U.S.C. § 157(a).

To that effect, Local Rule 402 provides "[p]ursuant to 28 U.S.C. § 157(a), all cases under

Title 11 of the United States Code and all proceedings arising under Title 11, or arising in or related to a case under Title 11, shall be deemed to be referred to the bankruptcy judges of this District." D. Md. L.R. 402.

With respect to supposed violations of discharge injunctions specifically, including alleged violations of other statutes arising out of supposed violations of discharge injunctions, courts in the Fourth Circuit have consistently recognized that the discharge injunction "does not provide debtors a private right of action." *Lovegrove v. Ocwen Loan Servicing, LLC*, 14 cv 329, 2015 U.S. Dist. LEXIS 112768 *16 (W.D. Va. Aug. 26, 2015). *Accord Scott v. Wells Fargo Home Mortgage Inc.*, 326 F. Supp. 2d 709, 719 (E.D. Va. 2003); *Anderson v. Bank of America*, 11 ap 6117, 2012 Bankr. LEXIS 3172 *5-*6 (Jan. 27, 2012), *citing In re Walters*, 868 F.2d 665, 670 (4th Cir. 1989).

Accordingly, the Borrower cannot assert a claim for violation of the discharge injunction in this Court. Rather her relief lies in seeking a contempt order in the Bankruptcy Court—and even there, the Borrower will have to show that Selene's violation was willful. Given the clear language in the disclaimers (as noted below), the Borrower will not be able to make such a showing.

    B.    *Selene Did Not Violate the Discharge Injunction because its Communications with the Borrower were not Attempts to Collect a Debt.*

The Borrower alleges that by communicating with her regarding the Subject Loan and purportedly advising that she owed money on the Subject Loan, Selene violated the discharge injunction and is thus liable under 11 U.S.C. § 524(a)(2). The Borrower's claim for violation of the Bankruptcy Court's discharge injunction assumes that the discharge of the pre-petition debt for the Subject Loan also somehow extinguished the lien itself.

The Borrower's assumption is wrong.

9

The Bankruptcy Code provides that the discharge of a Bankruptcy case "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived…"   11 U.S.C. § 524(a)(2).   However, while the discharge injunction in this case prohibits the enforcement of pre-petition debt for the Subject Loan, and absolves the Borrower for personal liability, the debt itself is not extinguished.  *See Lunt v. Peoples Bank (In re Lunt)*, 500 B.R. 9, 15 (Bankr. D. Kan. 2013): *see also River Place E. House. Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F.3d 833, 836 (4th Cir. 1994) superseded on other grounds by statute as stated in *Hijjawi v. Five N. Wabash Condo Ass'n*, 495 B.R. 839, 848 (Bankr. N.D. Ill 2013).

It is well settled that a Chapter 7 discharge extinguishes **only** the debtor's **personal liability on the note**, and the **mortgage lien survives the discharge order** as an *in rem liability*, permitting the lender to foreclose on the mortgage.  *See, e.g.*, *Eastern Sav. Bank, FSB v. Robinson*, 2016 U.S. Dist. LEXIS 13529, at *8 (E.D.N.Y. Feb. 4, 2016), citing *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property. . . . [A] bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor *in personam* — while leaving intact another — namely, an action against the debtor *in rem*").

Because Selene's mortgage lien had not been extinguished by foreclosure, Selene was still required to send notices required by federal law.  Indeed, as Fourth Circuit Courts have repeatedly held, a creditor is permitted to send monthly "informational statements to a debtor without violating the discharge injunction so long as the creditor's communications do not

10

demand payment of the debt." *Lovegrove v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. Lexis 112768 at * 17-18 (W.D. Va. August 26, 2015).

In *Lovegrove*, the servicer sent monthly statements that included a bankruptcy disclaimer under a section titled "IMPORTANT BANKRUPTCY INFORMATION;" the statement reads:

> If you or your account are subject to pending bankruptcy or the obligation referenced in this statement has been discharged in bankruptcy, this statement is for information purposes only and is not an attempt to collect a debt.  If you have any questions regarding this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at…

*Id.* at *33.  Based upon this and other unequivocal disclaimers, the Court held that the monthly statements were quite obviously *not* an attempt to collect a debt.  *Id.*; *see also Anderson v. Bank of Am.* Civ. No. 6:12-cv-00017, 2012 U.S. Dist. Lexis 95309 at *8-11 (W.D. Va. July 11, 2012) (affirming bankruptcy court's denial of contempt motion for purported violation of stay); *Pearson v. Bank of Am.*, Civ. No. 3:12-cv-00013, 2012 U.S. Dist. Lexis 94850 at * 12-16 (W.D. Va. July 10, 2012) (same).

> Here, each of the letters from Selene to the Borrower included the following disclaimer:
>
> If you received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.  Also, if you are involved in a bankruptcy please note that Selene Finance LP intends to fully comply with the Code including, without limitation, the automatic stay and the provisions of any confirmed bankruptcy plan.

These disclaimers are very similar to those in *Lovegrove* where the Court held that such statements containing a bankruptcy disclaimer were *not* attempts to collect a debt.  Accordingly, here, the Court should also hold that Selene's letters to the Borrower were not attempts to collect a debt.

> C. *Selene Did Not Violate the Discharge Injunction Because Each of its Communications was Required by and Complied with Federal Law.*

The Borrower alleges Selene sent her six separate communications beginning in April 2014. All of these communications were required by federal law, and plainly not attempts to collect a debt. Accordingly, Selene's actions in sending these letters did not violate the discharge injunction.

The letter dated April 3, 2014 (*Compl.* Ex. A) is a disclosure required by the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. 1692g(a). Failure to provide this notice would violate the FDCPA. *See* 15 U.S.C. § 1692k. Nevertheless, this letter specifically included the bankruptcy disclaimer identified above and confirms that Selene was only attempting to enforce its lien on the subject property and does not in any way demand money from the Borrower.

The Notice of Servicing Transfer dated April 3, 2014 (*Compl.* Ex. B) is a notice required by the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.* ("RESPA"). *See* 12 U.S.C. § 2605(c)(1). Failure to provide this notice would violate RESPA. *See* 12 U.S.C. § 2605(f). This letter also includes the bankruptcy disclaimer and does not in any way demand payment from the Borrower.

The offer of loss mitigation options dated April 8, 2014 (*Compl.* Ex. C) is a notice required by RESPA's implementing regulations regarding early intervention. *See* 12 C.F.R. § 1024.39(b). Failure to provide this notice would violate RESPA. *See* 12 U.S.C. § 2605(f). As with each of the previous two letters, this letter includes the bankruptcy disclaimer, does not demand payment and further confirms Selene's intentions to proceed with enforcement of its lien on the subject property.

The mortgage statement dated September 16, 2014 (*Compl.* Ex. F) is required by the

implementing regulations of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"). *See* 12 C.F.R. 1026.41(a)(2). The requirements for the periodic statement include, among other things, the payment due date, the amount due and the amount of any late payment fee. *Id.*, § 1026.41(d)(1). The copy of the statement attached to the Complaint is not a complete copy of the statement. A complete copy of the statement, including the bankruptcy disclaimer, is attached hereto as **Exhibit 2**.[2]

The notice of interest rate change dated September 17, 2014 (*Compl.* Ex. G) is required by the implementing regulations of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. ("TILA"). *See* 12 C.F.R. 1026.20. The requirements for the notice of interest rate adjustment include, among other things, the payment amount, the interest rate and the effective date of the new payment. *Id.*, § 1026.20. The copy of the letter attached to the Complaint is not a complete copy of the letter. A complete copy of this correspondence, including the bankruptcy disclaimer, is attached hereto as **Exhibit 3**. As with the prior correspondence, this letter includes the bankruptcy disclaimer, does not demand payment and further confirms Selene's intentions to proceed with enforcement of its lien on the subject property.

Finally, Borrower attaches a sixth letter to her received directly *from foreclosure counsel* dated May 30, 2014. *See Compl.* at ¶ 23 and Ex. D. This letter could not possibly be a letter *sent by Selene* in violation of the discharge injunction as it was obviously sent by foreclosure counsel—not Selene. *See Compl.* at ¶ 23 and Ex. D. Moreover, the letter from foreclosure counsel also did not violate the discharge injunction because it was not a demand for payment but rather contained the validation notice that counsel was required to send pursuant to the

---

[2] In evaluating a motion to dismiss, the court may consider "official public records, documents central to the plaintiff's claim[s], and documents sufficiently referred to in the complaint so long as the authenticity of those documents is not disputed." *Witthohn,* 164 Fed. Appx. at 396-97 (internal citations omitted). Such documents are essentially considered to be incorporated into the Complaint. *See id.* at 396-97.

FDCPA.  15 U.S.C. §§ 1692g(a) and 1692k.

Accordingly, for all of these reasons, the Borrower has not and cannot possibly state a claim for a violation of the discharge injunction violation in this Court—or in the Bankruptcy Court.  Therefore, her claim under Count 1 should be dismissed with prejudice.

## CONCLUSION

In sum, the Borrower fails to state a viable claim for relief under FCRA or for a violation of the discharge injunction, and her purported MCDCA and MCPA claims are both preempted by federal law and concern communications required by federal law—and thus fail as a matter of law.  Accordingly, the Complaint must be dismissed.

WHEREFORE, Selene respectfully requests that the Court dismiss the Borrower's Complaint with prejudice and that it grant such other relief as it deems just and appropriate.

Dated: July 8, 2016                                              Respectfully submitted,

Andrew M. Williamson                        **SELENE FINANCE LP**
(Fed Bar No. 18721)
MAURICE WUTSCHER LLP
199 E. Montgomery Avenue
Suite 100
Rockville, MD 20850
Direct:  (202) 380-9440
Fax:  (866) 581-9302                              By:     /s/ Andrew M. Williamson___
awilliamson@mauricewutscher.com              One of its Attorneys

**Certificate of Service**

I certify that on the **8th day of July 2016**, I electronically filed and served the foregoing document to all counsel and parties of record:

Sari Karson Kurland, Esq.
Kurland Law Group
211 Jersey Lane
Rockville, MD 20850
Ph. 301-424-2834
Fax 301-424-2884
*Counsel for Plaintiff*

/s/ Andrew M. Williamson